## POOR & CO v MATHIS, Gdn

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 9, 1933

Wm. R. Collins, Cincinnati, for plaintiff in error.

W. Donald Hall, Cincinnati, for defendant in error.

ROSS, PJ.

It is admitted by plaintiff in error that the petition is drafted in such a manner as to permit of a charge against plaintiff in error either as an agent or dealer.

The answer admits that the plaintiff in error was engaged in the brokerage business, and alleges that the bonds were sold by plaintiff in error to defendant in error.

The record shows that the plaintiff in error professed to be an expert in the class of bonds in question, and gave the defendant in error advice upon what bonds to purchase. This amounted to more than mere seller's inflation talk. It was the expression of a professional opinion, given upon request for expert advice, and required that it should be made only after reasonable care had been exercised to insure the accuracy of the statements made. It was for the jury to say whether such care had been exercised; and, if not, whether the failure to use such care was the proximate cause of the loss to the defendant in error.

The defendant in error sued for damages caused by the negligence of the plaintiff in error.

Whether the plaintiff in error acted as agent or dealer of defendant in error is immaterial, as in either case he would have been required to use reasonable care in securing authentic information upon which to base statements of opinion upon which he knew his principal or customer would rely after his expert opinion had been requested. Either situation presents a fiduciary relationship, of which either agent or dealer must take notice and proceed with reasonable care to prevent loss to those who have a right to rely upon his representations.

The measure of the damage of the defendant in error was her loss, which, of course, she was bound to use due care to minimize. It was a question again for the jury to determine what was the amount of her loss and whether she had used due diligence to minimize this loss.

An examination of the charge of the court shows that the case was presented to the jury in accordance with these views, and we find no error in the record, prejudicial to the plaintiff in error, and affirm the judgment of the Court of Common Pleas.

HAMILTON and CUSHING, JJ, concur.